UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| IN RE: | ) | CHAPTER 13 |
|---|---|---|
| | ) | |
| SANDRA LEE VENTRONE | ) | CASE NO. 15-52886 |
| | ) | |
| Debtor | ) | JUDGE ALAN M. KOSCHIK |
| | ) | |
| | ) | **MOTION TO AVOID SECURITY** |
| | ) | **INTEREST IN EXEMPT PROPERTY** |
| | ) | **UNDER USC §522(f)** |

Now comes the Debtor, Sandra Ventrone, by and through the undersigned counsel, and represents as follows:

1. That the creditor, Eagle Loan Company of Ohio, Inc., has a non-possessory, non-purchase-money security interest in the following described property of the debtor, which property is held primarily for the personal, family, and household use of the debtor and her dependents:

    1 Kodak camera
    I Hewlett Packard computer
    1 Sony DVD player
    1 Toshiba stereo system
    1 Sony television set
    1 Panasonic television set
    1 Craftsman air compressor
    2 Craftsman lawn mowers
    1 Samsung suitcase

2. That the security interest of the creditor, Eagle Loan Company of Ohio, Inc., impairs an exemption to which the debtor would have been entitled under the laws of the State of Ohio, which exemptions have been claimed by the debtor in this case and have been allowed.

3. That the debtor is entitled to avoid the security interest of the creditor, Eagle Loan Company of Ohio, Inc., in the above-described property under the provisions of 11 USC §522(f).

WHEREFORE, the Debtor moves this Court to schedule a hearing on notice as provided in Fed.R.Bank.P.4003(d) and 9014 and to thereafter enter an order avoiding the lien of the creditor, Eagle Loan Company of Ohio, Inc., in the property described in paragraph 1 above.

Respectfully submitted by,

/s/ Robert W. Heydorn
Robert W. Heydorn, Attorney for Debtor
Ohio Reg. No. 0000898
Hoover, Heydorn & Herrnstein Co., LPA
527 Portage Trail
Cuyahoga Falls, OH 44221
Phone: 330-929-2676
Fax: 330-929-7963
Email: bobheydorn@hotmail.com

## NOTICE

No hearing shall be held on the foregoing, and the same may be granted without a hearing, unless an affected party files with the Court within twenty-one (21) days from the date of the service of this notice a written request for a hearing on the foregoing with the Clerk of this Court and serves a copy of this hearing request upon the attorney for the debtor. 11 U.S.C. 102(1)(b)

/s/ Robert W. Heydorn
Robert W. Heydorn, Attorney for Debtor
Ohio Reg. No. 0000898
Hoover, Heydorn & Herrnstein Co., L.P.A.
527 Portage Trail
Cuyahoga Falls, OH 44221
Phone: 330-929-2676
Fax: 330-929-7963
Email: bobheydorn@hotmail.com

## NOTICE OF DEBTOR'S MOTION TO AVOID SECURITY INTEREST

Debtor has filed papers with the Court to avoid the security interest in exempt property as shown on claim #1, filed on December 12, 2016, a copy of which is included with this motion.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to permit Debtors to declare the invalidity of your claim or modify it, or if you want the Court simply to consider your views on the motion, then on or before **March 22, 2016**, you or your attorney must:

- ❖ File, with the Court, a written request for a hearing, and a written response setting forth the specific grounds explaining your position at:

    Clerk, U.S. Bankruptcy Court
    Northern District of Ohio
    2 South Main Street
    Akron, OH 44308

- ❖ In addition to filing a response with the Court, parties requesting a hearing must serve all parties in the attached certificate of service either through the mailing address provided or, where applicable, by the Court's Electronic Filing System (ECF).

| Attorney for Debtor: | Trustee: |
|---|---|
| Robert W. Heydorn, | Keith L. Rucinski |
| Attorney for Debtor | Chapter 13 Trustee |
| 527 Portage Trail | One Cascade Plaza, Suite 2020 |
| Cuyahoga Falls, OH 44221 | Akron, OH 44308 |

If you, or your attorney, do not take these steps, the Court may decide that you do not oppose the objection to your claim and may enter an order denying the claim, or modifying it, without holding a hearing.

Date: March 1, 2016            /s/Robert W. Heydorn
                                Robert W. Heydorn
                                Attorney for the Debtor

# CERTIFICATE OF SERVICE

I certify that on March 1, 2016, a true and correct copy of the foregoing Motion was served:

Via the Court's Electronic Case Filing System to these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Keith L. Rucinski, Chapter 13 Trustee at krucinski@ecf.epiqsystems.com, efilings@ch13akron.com

Office of the U.S. Trustee at registered address@usdoj.gov

**And by regular US mail, postage prepaid, on:**

Sandra Ventrone
319 Ellen Avenue
Akron OH 44305

Eagle Loan Company of Ohio, Inc.
1889 West Market Street
Akron, OH 44313

/s/ Robert W. Heydorn
Robert W. Heydorn, Attorney for Debtor
Ohio Reg. No. 0000898
Hoover, Heydorn & Herrnstein Co., LPA
527 Portage Trail
Cuyahoga Falls, OH 44221
Phone: 330-929-2676
Fax: 330-929-7963
Email: bobheydorn@hotmail.com

B10 (Official Form 10) (04/13)

# UNITED STATES BANKRUPTCY COURT  NORTHERN DISTRICT OF OHIO

**PROOF OF CLAIM**

Name of Debtor: SANDRA LEE VENTRONE

Case Number: 15-52886

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
EAGLE LOAN COMPANY OF OHIO INC

Name and address where notices should be sent:
EAGLE LOAN CO OF OHIO INC
1889 WEST MARKET ST
AKRON OHIO 44313

Telephone number (330) 861-0700     email: EAGLE86@ATT.NET

Name and address where payment should be sent (if different from above):

Telephone number         email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars

**1. Amount of Claim as of Date Case Filed:**   $ 1,935.86

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
9 4 7 6

**3a. Debtor may have scheduled account as:**
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
_____
(See instruction #3b)

**4. Secured Claim (See instruction #4).**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☑ Other
Describe:

Value of Property: $ 1,935.86

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ 1,935.86

Basis for perfection: _____

Amount of Secured Claim:  $ 1,935.86

Amount Unsecured:  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: JENNIFER EASTERLING
Title: ASSISTANT MANAGER
Company: EAGLE LOAN CO OF OHIO INC
Address and telephone number (if different from notice address above):

(Signature)    12-13-15 (Date)

Telephone number:         email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Name of Borrower(s) _____ Identification of Security Form
(Valuation of Personal Property)

In connection with the security agreement, I (we) hereby identify the personal property securing a loan together with a total of the replacement value of the property defined below.

## 1. Items Purchased With the Proceeds of the Credit Transaction

| # | ITEM | REPLACEMENT VALUE | # | ITEM | REPLACEMENT VALUE |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

## 2. Items Currently Owned by the Borrower(s)

| # | ITEM | Brand Name or Description | REPLACEMENT VALUE | # | ITEM | Brand Name or Description | REPLACEMENT VALUE |
|---|---|---|---|---|---|---|---|
| | **Electronics** | | | | **Garden & Tools** | | |
| | Binoculars | | | | Air Compressor (portable) | CRAFTSMAN | 200.00 |
| | Camcorder | | | | Auto Repair Equip | | |
| | Camera & Accessories | KODAK | 200 | ⊘ | Chain Saw | | |
| | CB,Ham, Scanner Radio | | | | Drill (electric) | | |
| | Computer (Desktop) | PACKARD HEWITT | 800 | ⊘ | Lawn Mowers | CRAFTSMAN (2) | 1000.00 |
| | Computer (Laptop) | | | | Lawn Tractors | | |
| | Computer Printer | | | | Leaf Blower | | |
| | DVD Player (s) | SONY | 200 | ⊘ | Log Splitter | | |
| | CD/DVD Collection | | | | Home Workshop Tools | | |
| | DVD/VCR Combo | | | | Home Workshop Tools | | |
| | GPS | | | | Seed Spreader | | |
| | I-Pod/MP-3 | | | | Snow-Blower | | |
| | Home Theatre System | | | | Table Saw | | |
| | PDA | | | | Jewelry —— | (except wedding rings) | |
| | Stereo System | TOSHIBA | 500 | ⊘ | Jewelry | | |
| | Stereo Components | | | | Jewelry | | |
| | Television (second) | SONY | 800 | ⊘ | Jewelry | | |
| | Television (third) | PANASONIC | 600 | ⊘ | **Miscellaneous** | | |
| | Television (fourth) | | | | Amplifier/Speaker | | |
| | Tivo/DVR | | | | Antiques (+100 yrs) | | |
| | Video Game System | | | | ATV 4 Wheeler | | |
| | Video Game Collection | | | | Crystal (Except Dishes) | | |
| | Misc. / Hobby | | | | Dirt Bike | | |
| | Gun (s) | | | | Figurine Collectibles | | |
| | Gun (s) | | | | Figurines | | |
| | Aquarium & Equipmnt | | | | Golf Cart | | |
| | Basbll Card Collection | | | | Jet Ski | | |
| | Bicycle | | | | Keyboards | | |
| | Camping Equipment | | | | Luggage | SAMSUNG | 300.00 |
| | Coin: Stamp Collection | | | | Moped | | |
| | Exercise Equipment | | | | Motor Scooter | | |
| | Fishing Equipment | | | | Musical Instrument | | |
| | Golf Clubs | | | | Paintings | | |
| | Hobby Equipment | | | | Piano / Organ | | |
| | Hunting Equipment | | | | Pictures | | |
| | Jacuzzi/Hot Tub | | | | Ping Pong Table | | |
| | Pool (Above Ground) | | | | Pool Table | | |
| | Scuba Equipment | | | | Snowmobile | | |
| | Telescope | | | | Statue(s) | | |

## 3. Items Purchased With the Proceeds of a Prior Credit Transaction and Now Owned by the Borrower(s)

| # | ITEM | Brand Name or Description | REPLACEMENT VALUE | # | ITEM | Brand Name or Description | REPLACEMENT VALUE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

I (we) hereby affirm that the replacement value of goods used as security on this credit transaction is $4800

Date: 5-12-15

Borrower(s) Signature: Sandra Ventrone

FORM9 - (11/11)

Borrower(s) Signature: _____

| ACCOUNT NUMBER 89476 | NOTE | | | | | | |
|---|---|---|---|---|---|---|---|
| TYPE | | | | | | | |
| BORROWER(S) NAME AND ADDRESS<br>SANDRA L VENTRONE<br><br>319 ELLEN AVE<br>AKRON, OH 44305 | | | | PAYEE (WE, US, OUR)<br>Eagle Loan Company of Ohio Inc.<br>1889 West Market St.<br><br>Akron, OH 44313 | | | |
| Date of Note | First Payment Due Date | Other Payments Due on Same Date of Each Month | Final Payment Due Date | Amount of First Payment | Amount of Monthly Payment | Total Number of Payments | Term of Loan in Months |
| 05/12/2015 | 06/12/2015 | | 07/12/2016 | $ 229.00 | $ 229.00 | 14 | 14 |

### ITEMIZATION OF AMOUNT FINANCED

1. $ 0.00 Premium to Life Ins. Co. (Joint Coverage)
2. $ 0.00 Premium to Life Ins. Co. (Single Coverage)
3. $ 0.00 Premium to Disability Ins. Co. (Single Coverage)
4. $ 0.00 Premium to Disability Ins. Co. (Joint Coverage)
5. $ 145.87 Premium to Property Ins. Co. (Dual Coverage)
6. $ 0.00 Paid to Public Officials for Certificate of Title Fees
7. $ 0.00 Paid to Public Officials for Recording and Releasing Fees
8. $ 1,627.53 Paid on Prior Account with Lender
10. $ 2,546.18 Amount Financed (Sum of lines 1 thru 9)
11. $ 659.82 FINANCE CHARGE
12. $ 38.80 % ANNUAL PERCENTAGE RATE
13. $ 3,206.00 Total of Payments
14. $ 2,756.18 Principal Amount of Loan (10+ 11A + 11B)

9. Amount Paid to You or on Your Behalf as itemized below:
$ 0.00 PAID TO _____
$ 0.00 PAID TO _____
$ 0.00 PAID TO _____
$ 0.00 PAID TO _____
$ 760.78 PAID TO SANDRA L VENTRONE
$ 12.00 PAID TO Lyndon Southern for Non-File Insurance
$ 0.00 PAID TO PAID TO Life of the South for AD&D Premium
$ 0.00 PAID TO PAID TO Continental Car Club for Membership Fee

25 % Agreed Rate of Charge

11A. $ 10.00 Credit Investigation Fee (Prepaid Finance Charge)
11B. $ 200.00 Loan Origination Fee (Prepaid Finance Charge)
11C. $ 449.82 Interest

NOTICE: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

In this Note, the words "you", "yours" and "your" mean each and all of those who signed it as a Borrower. The words "we", "us" and "our" mean Payee.

You agree to pay the Total of Payments shown which includes the Principal Amount of Loan and Charges to maturity which have been precomputed at a rate authorized by O.R.C. §1321.57(D) to yield the Annual Percentage Rate set forth assuming all payments are made as scheduled.

**DEFERMENT:** We may accept late or deferred payments even if marked "payment in full" without losing any of our rights under this Note. You agree that if any monthly payment is due and none of it has been paid, we may, if we wish, defer the payment of any or all unpaid payments. In such a case you agree to pay an additional charge for each full month of such deferment equal to the applicable charge for the payment period immediately following the due date of the last undefered payment.

**APPLICABLE CHARGES:** Applicable charge is the amount of the interest attributable to that monthly installment which was originally computed according to the Rule of 78th's, if this agreement is for 61 months or less, otherwise, the applicable charge is that which would have been made had this loan been interest bearing and paid according to the terms. The applicable charges shall not be more than those charges authorized by Ohio law, provided that if you prepay this loan in full, by cash, refinancing, or a new loan, the applicable charges for all fully unexpired installments will be refunded.

**PREPAYMENT:** If you prepay this loan in full, by cash, refinancing, or a new loan, the applicable charges for all fully unexpired payments will be refunded. If you prepay on any other date than a due date, the nearest due date will be used to figure your refund. If prepaid before the first payment due date, all applicable charges will be refunded except for 1/30th of the first payment applicable charge times the number of days this loan is in force. No portion of the loan origination fee and/or points will be refunded.

**PAYMENT:** When we receive a payment on the loan, we will apply it to the unpaid payments in the order in which they become due. The only payments made that will not be applied to the unpaid payments are payments made for deferment, default charges or NSF check charges.

**THE FOLLOWING APPLIES TO ALL LOANS:**
**LATE CHARGE:** We may charge a late fee equal to the greater of 5 % of the scheduled payment or $ 15.00 if payment is made more than 10 days from the due date.

**TIME OF REPAYMENT:** The first payment shall be due on the First Payment Due Date indicated and the following payments shall be due on the same day of each succeeding month to and including the Final Payment Due Date

CONTINUED ON REVERSE - SEE REVERSE FOR ADDITIONAL TERMS AND CONDITIONS

NOTICE: The following NOTICE applies if you were referred to us by a seller of consumer goods or services and a substantial portion of the proceeds of this loan is used for the purchase of consumer goods from that seller:

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

COPY RECEIVED: You acknowledge receipt of a completely filled-in copy of this Note and a copy of the Federal Disclosure Statement on a separate sheet.

WITNESS OUR HANDS AND SEALS:

_Shurinene Ochia_  
Witness

_Witness_

X _Sandra Ventrone_  
Borrower

_Borrower_

FILE COPY

| ACCOUNT NUMBER | SECURITY AGREEMENT (CONSUMER GOODS) |
| --- | --- |
| 89476 | |

| TYPE | |
| --- | --- |
| DEBTOR(S) (NAMES & ADDRESSES)<br>SANDRA L VENTRONE<br><br>319 ELLEN AVE<br>AKRON, OH 44305 | SECURED PARTY<br>Eagle Loan Company of Ohio Inc.<br>1889 West Market St.<br><br>Akron, OH 44313 |

| Date of Note and this Security Agreement | First Payment Due Date | Other Payments Due on Same Date of Each Month | Final Payment Due Date | Amount of First Payment | Amount of Balloon Payment | Amount of Monthly Payment | Total Number of Payments | Term of Loan in Months |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 05/12/2015 | 06/12/2015 | | 07/12/2016 | $ 229.00 | $ 0.00 | $ 229.00 | 14 | 14 |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
| --- | --- | --- | --- |
| 38.80 % | $ 659.82 | $ 2,546.18 | $ 3,206.00 |

Debtor(s) do(es) hereby grant, for a valuable consideration, receipt of which is hereby acknowledged, unto Secured Party, its successors and assigns, a security interest in the following described property and any and all accessions thereto and the process thereof (the "Collateral"):
DESCRIPTION OF COLLATERAL:
PERS PROP
to secure payment of indebtedness as provided in the note or notes of even date herewith and also any and all liabilities now existing or hereafter arising, absolute or contingent, due or to become due including all costs and expenses incurred in the collection of the indebtedness and all future advances made by Secured Party for taxes levied, insurance and repairs to or maintenance of the Collateral.

Debtor hereby warrants and agrees that:
1. The Collateral is or is to be used by the Debtor primarily for personal, family or household purposes.
2. If the Collateral is or is to be attached to real estate, a description of the real estate is as follows:

   and the name of the record owner is __N/A__
3. The Collateral will be kept at Debtor's residence. Debtor will promptly notify Secured Party of any change in the location of the Collateral and Debtor will not remove the Collateral from the above address without the written consent of Secured Party.
4. The collateral ☐ is ☐ is not being acquired with the proceeds of said note or notes which Secured Party may pay directly to the seller.
5. Except for the security interest granted herein, Debtor is the owner of the Collateral free from any prior lien, security interest or encumbrance, and Debtor will defend the Collateral against all claims and demands of any and all persons at any time claiming the same or any interest therein.
6. Debtor will not sell, exchange, lease or otherwise dispose of any interest in the Collateral without the written consent of Secured Party and will not permit any lien, security interest or encumbrance to attach to the Collateral.
7. No financing statement covering the Collateral is on file in any public office and at the request of Secured Party, Debtor will join with Secured Party in executing one or more financing statements pursuant to the Ohio Uniform Commercial Code in form satisfactory to Secured Party and Debtor will pay the cost of filing in all public offices wherever filing is deemed necessary by Secured Party. A carbon, photographic or other reproduction of this agreement or a financing statement will be sufficient as a financing statement.
8. Debtor will maintain the Collateral in good condition and repair; will maintain insurance on the Collateral against fire, theft, and such other hazards and in such form and amount as Secured Party may require and for the benefit of Debtor and Secured Party as their interest shall appear; and will pay and discharge all taxes imposed on the Collateral. Debtor assigns to Secured Party all right to proceeds of any insurance not exceeding the unpaid balance hereunder, and directs any insurer to pay all proceeds directly to Secured Party and authorizes Secured Party to endorse any draft for the proceeds. Such policy or policies shall be delivered to Secured Party and shall be with a company or companies satisfactory to Secured Party.

At its option, Secured Party may discharge taxes, liens or other encumbrances at any time levied or placed on the Collateral, pay for insurance on the Collateral, and pay for the maintenance and preservation of the Collateral should Debtor fail to do so. Debtor agrees to reimburse Secured Party on demand for any payment so made and until such reimbursement, the amount so paid by Secured Party shall be added to the principal amount of the indebtedness.

The occurrence of any of the following events or conditions shall constitute an event of default under this agreement (the "Events of Default"): (a) default in the payment or performance of any of the obligations or of any covenant or liability contained or referred to in any note or notes evidencing any of the obligations secured hereunder; (b) loss, theft, destruction, sale or encumbrance of or to the Collateral; (c) death, dissolution, termination of existence, insolvency, business failure, appointment of a receiver of any part of the property of, assignment for the benefit of creditors by or the commencement of any proceedings under any bankruptcy or insolvency laws by or against Debtor; (d) any default under the terms hereunder; or (e) Secured Party deems itself insecure. After the occurrence of an Event of Default Secured Party may, at its election, declare the entire amount of the indebtedness then outstanding due and payable at once and Secured Party shall have the rights and remedies of a secured party under the Ohio Uniform Commercial Code, including but not limited to the right to take possession of the Collateral. Debtor agrees, upon request of Secured Party, to assemble the Collateral, and to make it available at the place designated by Secured Party. Any requirement of reasonable notice of any disposition of the Collateral shall be satisfied if such notice is mailed to the address of Debtor shown in this Agreement at least ten days before the time of such disposition. Any waiver by Secured Party of any default shall not be effective unless in writing and shall not operate as a waiver of any other default or of the same default on a subsequent occasion.

This Agreement will be governed by and construed in accordance with Ohio law. Secured Party is hereby authorized to fill any blank spaces hereunder. All rights of Secured Party hereunder shall inure to the benefit of the successors and assigns of Secured Party; and all obligations of Debtor shall bind the heirs, executors, administrators, successors and assigns of Debtor. If there is more than one Debtor, their obligations hereunder shall be joint and several. This Agreement constitutes the entire agreement between the parties.

ACCEPTED

BY _____
Its Agent

SIGNED

_____
Debtor

_____
Debtor

| LIABILTY INSURANCE COVERAGE FOR BODILY INJURY AND DAMAGE TO PROPERTY IS NOT INCLUDED. |
| --- |

ORIGINAL COPY